IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORREL ARMSTRONG, : CIVIL NO. 3:CV-10-1983
    Petitioner, :
: (Judge Munley)
v. :
:
DAUPHIN COUNTY PRISON, et al., :
    Respondents :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# MEMORANDUM

Norrel Armstrong ("Armstrong"), an inmate presently confined at the Dauphin County Prison, Harrisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and motion for an immediate hearing (Doc. 2) on September 23, 2010 (Doc. 1), and seeks to proceed in forma pauperis (Doc. 5). The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. GOVERNING § 2254 CASES R. 4 (stating "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").

Armstrong was arrested and charged with possession with intent to deliver marijuana on August 3, 2010 and transported to the Dauphin County Prison. (Doc. 1, at 2.) Bail was set at $75,000.00. (Id.) A preliminary hearing was held on September 8, 2010, at which time the charges were amended and bound over for trial. (Id.) Armstrong brings this petition challenging the legality of his detention. He specifically takes issue with procedures utilized

at the preliminary hearing including, *inter alia,* amendment of the charges against him, the reliability of certain testimony, the sufficiency of the evidence, and the excessiveness of the bail amount.

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir.2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Absent extraordinary circumstances[1], Younger abstention will apply when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal

---

[1] Even when all requirements are met, abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute . . . ." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989). These exceptions are to be narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D.Pa. 1991). Armstrong has failed to demonstrate that he falls within any of these narrow exceptions.

claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005)). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir.1992).

It is clear that Armstrong's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger. Thus, out of deference to the integrity of the state judicial process, it is appropriate to abstain from entertaining the petition. Accordingly, the petition will be dismissed without prejudice and no certificate of appealability will issue. 28 U.S.C. § 2253(c).[2]

---

[2] Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will issue.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 7, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORREL ARMSTRONG, : CIVIL NO. 3:CV-10-1983
　　　　Petitioner, :
　　　　　　　　　　　　: (Judge Munley)
v. :
　　　　　　　　　　　　:
DAUPHIN COUNTY PRISON, et al., :
　　　　Respondents :

## ORDER

AND NOW, to wit, this ___ day of October 2010, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The motion to proceed in forma pauperis (Doc. 5) is GRANTED for the sole purpose of the filing of this action.

2. The motion for an immediate hearing (Doc. 2) is DENIED as moot.

3. The petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice.

4. A certificate of appealability is DENIED. 28 U.S.C. § 2253(c).

5. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court